[712 NYS2d 379].

In the Matter of KENNETH P. FREMONT (Admitted as KENNETH PAUL FRUCHTER), an Attorney, Resignor.

Second Department, July 24, 2000

### APPEARANCES OF COUNSEL

*Kenneth P. Fremont*, Loudon, Tennessee, resignor *pro se.*

*Grace D. Moran*, Syosset (*Elizabeth A. Grabowski* of counsel), for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Kenneth P. Fremont has submitted an affidavit, dated March

28, 2000, wherein he tenders his resignation as an attorney and counselor-at-law (see, 22 NYCRR 691.9). Mr. Fremont was admitted to the practice of law at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 25, 1967.

In his proffered resignation, Mr. Fremont acknowledges that based upon his recent criminal conviction in the United States District Court, Eastern District of New York, he is the subject of an investigation by the Grievance Committee. He is further aware that he would be subject to disciplinary charges based on his actions between approximately January 1, 1994 and August 31, 1997, wherein he conspired to defraud the Internal Revenue Service (hereinafter the IRS). As part of the conspiracy, he exchanged checks which he received from relatives for cash obtained from an illegal gambling business. The checks bore the notation "gift," thereby reducing the taxable amount of his relatives' estate. As a result of such conduct, Mr. Fremont entered a plea of guilty in the United States District Court for the Eastern District of New York on October 8, 1999, to a charge of conspiracy to impede the IRS, in violation of 18 USC § 371. He was sentenced on January 28, 2000 to, inter alia, five years probation. Mr. Fremont acknowledges that he could not successfully defend himself on the merits against any disciplinary charges which the Grievance Committee would initiate against him based upon the aforesaid facts and circumstances.

Mr. Fremont avers that his resignation is freely and voluntarily rendered and that he has not been subjected to coercion or duress. Mr. Fremont has discussed his decision to resign with an attorney, as well as other persons whose advice and counsel he respects. He is fully aware of the implications of submitting his resignation, including the fact that he is barred by Judiciary Law § 90 and the Court Rules from seeking reinstatement for at least seven years.

Mr. Fremont's proffered resignation is submitted subject to any application which the Grievance Committee might make for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Court to make such an order and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee supports the acceptance of the proffered resignation. As it comports with all appropriate Court

Rules, the resignation is accepted, Mr. Fremont is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, O'BRIEN, RITTER and GOLDSTEIN, JJ., concur.

Ordered that the resignation of Kenneth P. Fremont is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Kenneth P. Fremont is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Kenneth P. Fremont shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Kenneth P. Fremont is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.